United States District Court
Southern District of Texas
**ENTERED**
October 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE ALBERTO MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:10-MC-17 |
| | § | |
| 206TH JUDICIAL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff, Jorge Alberto Martinez, proceeding *pro se*, initiated this action by filing a complaint against the 206th Judicial District of Hidalgo County. (Dkt. No. 1-1). Plaintiff alleges he experienced discrimination due to the charges filed against him in that county court. *Id.* at 1. Plaintiff seeks *in forma pauperis* status ("IFP") to proceed in this lawsuit without prepayment of required filing fees. (Dkt. No. 1).

This matter has been referred to the undersigned magistrate judge for review pursuant to 28 U.S.C. § 636. After careful review of Plaintiff's complaint, IFP application, and applicable law, the undersigned recommends IFP status be **DENIED**, and the complaint be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B).

### I.　　BACKGROUND

In 2010, Plaintiff was charged with evading arrest by vehicle in Hidalgo County court. (Dkt. No. 1-2 at 6-8). Plaintiff attempted to get his charge dismissed alleging he did not stop for the officer due to his fear of the police because of previous interactions with law enforcement. *Id.* at 9. It appears Plaintiff's charge was not dismissed, and he filed a complaint in federal court

1

alleging discrimination. (Dkt. No. 1-1 at 1). Specifically, Plaintiff alleges the county court discriminated against him by finding him guilty of committing a crime when no crime occurred. *Id.* Plaintiff alleges his charges arose from an attempted traffic stop in which he did not pull over due to his fear of physical harm at the hands of law enforcement, and this rendered his act not criminal. *Id.* Plaintiff attempts to proceed with this suit without prepayment of filing fees, alleging he does not have the necessary financial resources to sue. (Dkt. No. 1 at 1).

## II.      LEGAL STANDARD AND ANALYSIS

At the onset, to proceed without prepaying filing fees, an applicant must demonstrate he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). Thus, IFP status should only be granted if it reasonably appears the cost of filing would be beyond the plaintiff's means. Further, when a Plaintiff attempts to proceed IFP, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). This provision requires the court dismiss the case at any time if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. *Id.* Plaintiff's complaint may also be dismissed if the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A).

A complaint is frivolous when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint lacks an arguable basis in fact if it relies on "fantastic or delusional scenarios." *Id.* at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). And although pleadings by *pro se* Plaintiffs are

construed liberally, the court need not construe causes of action where none exist. *Smith v. CVS Caremark Corp.*, No. 3:13-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

Plaintiff's alleged harm and requested relief are both unclear. First, Plaintiff complains of "discrimination being tied down to degradations and embarrassment of my unperfect life's surroundings imposing their assumptions against me provoking me entrapped to apparently commit faults called a crime of nothing."[1] This allegation can only be described as clearly baseless, fanciful, fantastic, or delusional. *Neitzke*, 490 U.S. at 325, 327-28. To the extent the Hidalgo County court took any action against Plaintiff, it was in its proper role as an adjudicator of charges brought by the state. Thus, Plaintiff's belief that he has experienced discrimination and embarrassment is clearly baseless.

Second, Plaintiff requests "secured thoughts of peace" and "immunity…from false arrest and defamation of character of the miserable sinful life."[2] It appears Plaintiff seeks this relief because some law enforcement officer "turn on the rambling sirens and lights startling me provoking me to avoid questioning" and that led to his county case. (Dkt. No. 1-1 at 1). Again, Plaintiff's claim presents nothing more than fantastic allegations. Further, it does not establish a legal injury or provide a remedy. This court cannot provide Plaintiff with "secured thoughts of peace" or "immunity" from any activities he engages in. Thus, Plaintiff's allegations are factually and legally frivolous and rest on a meritless legal theory. Because Plaintiff's claims are frivolous, an opportunity to amend is not warranted. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Under these circumstances, dismissal is appropriate.

---

[1] *See* (Dkt. No. 1-1 at 1). The quote has been edited to reflect proper spelling and grammar without the use of brackets to make the writing clear. The substance has not been changed.

[2] (Dkt. No. 1-1 at 2); (Dkt. No. 1-2 at 6). In the interest of clarity, this quote has also been grammatically corrected as necessary.

### III.   CONCLUSION

After careful review of the record and relevant law, the undersigned recommends Plaintiff's application to proceed *in forma pauperis* be **DENIED**, and that the District Court summarily **DISMISS** this action **with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff.

**SIGNED** at McAllen, Texas, this the 3rd day of October, 2024.

_____
Nadia S. Medrano
United States Magistrate Judge